(85 South. 384)

## MONTGOMERY LIGHT & TRACTION CO. v. O'CONNOR. (3 Div. 434.)

(Supreme Court of Alabama. Jan. 22, 1920.)

**1. Carriers ⬤287(2), 303(10)—Duty of street railway with reference to movement of cars at places where passengers alight.**

It was the duty of a street railway operating three tracks on a street to operate each and every one of its cars at a place where passengers alighted with reference to the movement of each and every other car, so that the safety of passengers or pedestrians on the street, especially those leaving or approaching its cars, might be conserved, and in this sense it was its duty to see that the place was safe.

**2. Carriers ⬤320(10)—Whether street railway was negligent in operating car passing standing car for jury.**

In an action by an intending passenger injured when about to board a street car on the middle track in a street on which defendant maintained three tracks, by another passing car, evidence *held* such that the jury might infer that the place was unsafe by reason of a lack of proper precaution in the movement of cars at that point.

**3. Carriers ⬤287(2)—Street railway charged with knowledge of operation of cars one with reference to another.**

A street railway operating three tracks on one street is held to the knowledge of its cars one with reference to another at a point where passengers board and alight.

**4. Carriers ⬤320(8)—Negligence of conductor in directing intending passengers to stand away from step for jury.**

Whether conductor of a street car operated on the middle track in a street containing three tracks was negligent in directing an intending passenger, in effect, to stand away from the step of his car to let passengers descend, resulting in the injuring of the pedestrian by another car, *held* for the jury.

**5. Carriers ⬤320(10)—Negligence of motorman injuring intending passenger on other car for jury.**

In an action by an intending passenger for personal injuries received when about to board a street car on the middle track in a street containing three tracks, by a car coming from the rear, whether the motorman of the car striking plaintiff was negligent *held* for the jury.

**6. Carriers ⬤328(1)—Intending passenger not bound to assume conductor would direct a dangerous act.**

An intending passenger about to board a street car on a middle track in a street containing three tracks was not bound to assume that the conductor would direct her to do an act which under the circumstances was dangerous, and was not bound to assume that on account of other cars it was dangerous to step back from the step when directed to do so to permit passengers to descend.

**7. Carriers ⬤348(3)—Instruction as to effect of voluntarily stepping in front of other car held misleading.**

In an action by an intending passenger injured when about to board a street car on the middle track, in a street containing three parallel tracks, by another car approaching from the rear, when directed to step back by the conductor to allow passengers to alight, it was misleading for the court to instruct the jury that if plaintiff voluntarily stepped in front of a moving car without stopping, looking, or listening, she was guilty of contributory negligence.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by Kate O'Connor against the Montgomery Light & Traction Company for damages for personal injuries. Verdict for the defendant, which on motion of plaintiff was set aside, and defendant appeals. Affirmed.

The charges referred to in the opinion as given for the defendant, and made the basis of the judgment granting the motion for new trial, are as follows:

"A. If you believe from the evidence that plaintiff, without stopping, looking, or listening for an approaching street car, voluntarily stepped in front of a moving street car when the car was so close to her that it could not be stopped before striking plaintiff, and you further find that such conduct on plaintiff's part proximately contributed to her hurt, you must return a verdict for defendant.

"B. I charge you that there is no evidence in this case showing or tending to show that the place at which the plaintiff was attempting to board the West End car was an unsafe place to board the car.

"C. If the jury find from the evidence that, at the time the plaintiff started to board the West End car passengers were coming out of the car, it was not negligence on the part of the conductor of the West End car to wave her back.

"D. I charge you, gentlemen of the jury, that there was no duty on the defendant to provide a place for the taking on and discharge of passengers at the portion of Dexter avenue near Court Square where the accident occurred, and it at that place discharged its full duty to its passengers if it stopped its car at a place where passengers would get on and off the car with safety by taking such precautions as a reasonable person should take for his own safety.

"E. The court charges the jury that, if passengers were coming out of the West End car at the time plaintiff started to board it, it was not negligence on the part of the conductor of the West End car to wave to the plaintiff not to board the car until the others alighted."

Rushton, Williams & Crenshaw, of Montgomery, for appellant.

Plaintiff never became a passenger. 171 Ala. 300, 55 South. 111; 149 Ala. 487, 43 South. 98; 186 Mass. 353, 71 N. E. 780, 66 L. R. A. 980, 104 Am. St. Rep. 580, 1 Ann.

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Cas. 603; 198 Mass. 260, 84 N. E. 464, 15 L. R. A. (N. S.) 960. The street was not a passenger station. 78 Md. 409, 28 Atl. 397; 156 Mass. 320, 31 N. E. 391, 16 L. R. A. 490, 32 Am. St. Rep. 456. Having crossed the street car tracks and then turned back, the pedestrian was guilty of contributory negligence, and the motorman was not negligent. 159 Ala. 195, 48 South. 798, 133 Am. St. Rep. 32; 147 Ala. 700; 141 Ala. 195, 37 South. 452, 3 Ann. Cas. 333; 110 Ala. 161, 20 South. 317: 148 Ala. 69, 41 South. 616; 22 R. I. 579, 48 Atl. 1045; 80 App. Div. 37, 80 N. Y. Supp. 231.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

The plaintiff was a passenger, and was entitled to protection as such. 136 Ala. 166, 33 South. 886; 133 Ala. 508, 32 South. 261; 194 Ala. 155, 69 South. 518. At least it was a jury question. The court erred in the charges given, and therefore properly set aside the verdict. 197 Ala. 97, 72 South. 343: 168 Ala. 285, 53 South. 279; 16 Ala. App. 565, 80 South. 139; 202 Ala. 422, 80 South. 806; 109 Ala. 299, 19 South. 516; 153 Ala. 193, 45 South. 198, 127 Am. St. Rep. 25; 146 Ala. 29, 41 South. 285; 172 Ala. 488, 55 South. 616, and authorities, supra.

SAYRE, J. Appellee sued appellant to recover damages for a personal injury suffered by appellee. There was a verdict for the appellant which appellee moved the court to set aside on the ground that the court had committed error in giving to the jury special instructions in writing requested by appellant. The trial court made an order setting aside the verdict, after which this appeal.

At and near the point where appellee was injured appellant maintained and operated three parallel tracks in the street. The distance between the center and north tracks was 5 feet, 3 or 4 inches, from rail to rail. The body of each car overhangs its track about 18 inches, so that the space between cars standing side by side on adjacent tracks is about 2 feet. Appellee waited on the north sidewalk for a car to West End which would pass to the west on the middle track. An Oak Park car passed west on the middle track and came to a stop at the usual place for letting off and taking on passengers. Then the West End car passed and came to a stop in the rear of the Oak Park car. About the same time a car moved west on the north track coming to a stop opposite the Oak Park car. Appellee, observing the car on the north track and crossing that track to the rear of the car, approached the rear of the West End car intending to get on from the right and rear as was customary and proper. As she was about to get on the car, the conductor "motioned to her that passengers were coming out and to stand aside, which she did." The car, approaching from the rear on the north track, struck appellee, causing considerable injuries. Appellee testified that she did not see the car which struck her. The cause was tried on the general issue and the plea of contributory negligence.

[1-7] The court committed error in giving at appellant's request charges lettered A, B, C, D, and E. There was, of course, no duty on the part of appellant to provide any place, other than the surface of the street which presumptively was provided by the public authorities, for the taking on or discharge of passengers in that part of the street where appellee was injured ; but it was the duty of appellant to operate each and every of its cars at that place with reference to the movement of each and every other car so that the safety of passengers or pedestrians in the street, especially those leaving or approaching its cars, might be conserved, and in this sense it was its duty to see to it that the place was safe. On the tendencies of the evidence stated above it was competent for the jury to infer that the place was unsafe by reason of a lack of proper precaution in the movement of appellant's cars. Appellant is held, of course, to a knowledge of the operation of its cars, one with reference to another, and the jury were authorized to infer a lack of due care from what happened—that the conductor of the West End car was, in the circumstances, negligent in directing appellee, in effect, to stand away from the step of his car, to which she had so nearly come, or that the motorman of the car on the north track was negligent in running his car so near to the car which had stopped to let off and take on passengers—either or both, for both co-operated to bring about the result. So, also, appellee was not bound to assume that appellant's conductor would direct her to do an act which in the circumstances was dangerous, and hence it was misleading for the court to instruct the jury that if appellee voluntarily stepped in front of a moving car without stopping, looking, or listening, she was guilty of contributory negligence. On the hearing of the motion to set aside the verdict the trial court recognized the errors into which it had fallen and properly corrected them by granting the motion and ordering a venire de novo.

Affirmed.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.